Zachary T. Ball, Esq.
Nevada Bar No. 8364
FIDELITY NATIONAL LAW GROUP
3980 Howard Hughes Parkway, Suite 230
Las Vegas, Nevada 89169
Telephone: (702) 667-3000
Fax: (702) 697-2020
Email: zachary.bal@fnf.com
Attorneys for Defendants *Ticor Title of Nevada, Inc.*
and *Stanley S. Silva*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD C. LAIR JR. and CARIE L. LAIR, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; UNITED TITLE OF NEVADA; NATIONAL DEFAULT SERVICING CORPORATION; WELLS FARGO BANK N.A., FKA WELLS FARGO WELLS FARGO HOME MORTGAGE INC., F/K/A NORWEST MORTGAGE INC.; LSI TITLE COMPANY-NV; TICOR TITLE, a Nevada Corporation; STANLEY S. SILVA; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, partnerships, or anyone claiming any interest to the property described in the action,<br><br>Defendants. | Case No. 3:11-cv-00399-RCJ-VPC |

**DEFENDANTS TICOR TITLE OF NEVADA, INC. AND STANLEY S. SILVA'S MOTION TO DISMISS**

Defendants TICOR TITLE OF NEVADA, INC. (incorrectly named Ticor Title and hereinafter "TICOR") and STANLEY S. SILVA ("SILVA"), by and through their attorney of record, Zachary T. Ball, Esq., respectfully move this honorable Court to dismiss Plaintiffs' Complaint with prejudice, pursuant to FRCP 12(b)(6), for Plaintiffs' failure to state a claim upon which relief can be granted. The Motion to Dismiss is supported by the following Memorandum of Points and Authorities, the record herein, and any argument that may be presented at any hearing hereon.

# POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

On May 5, 2011 Plaintiffs, RICHARD C. LAIR JR. and CARIE L. LAIR, filed their Complaint against numerous defendants including TICOR and SILVA. The Complaint alleges the following claims for relief: (1) Debt Collection Violations; (2) Violation of Unfair And Deceptive Trade Practice Act; (3) Violation of Unfair Lending Practices, NRS 598D.100; (4) Violation of Covenant of Good Faith and Fair Dealing; (5) Violation of NRS 107.080 et seq; (6) Quiet Title Action; (7) Fraud in the Inducement and Through Omission; and (8) Slander of Title.

For all of the reasons stated below, Plaintiffs' Complaint should be dismissed with prejudice against TICOR and SILVA.

## II. STATEMENT OF THE LAW

The standard of review applicable to a motion to dismiss under Rule 12(b)(6) is familiar; however, the Supreme Court has clarified the standard in significant ways. Rule 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P 8(a)(2). According to the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation' of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (quoting *Twombly*, 550 U.S. at 556). Factual allegations are assumed true, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 555); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Based upon this

1  standard, Plaintiffs' Complaint should be dismissed.

2  **III.    THE FIRST CAUSE OF ACTION FOR DEBT COLLECTIONS MUST BE**
3  **DISMISSED.**

4  In the first cause of action, Plaintiffs allege a claim for abusive debt collection practices
5  in violation of federal and state laws. Plaintiffs allege that the Notice of Default ("NOD")
6  recorded in the official records of Washoe County violates 15 U.S.C. § 1692(a)(2). (Complaint,
7  ¶69.) The first cause of action fails because: (1) a non-judicial foreclosure proceeding is not a
8  collection of a "debt" for purposes of FDCPA; and (2) the claim is barred by the statute of
9  limitations.

10  **A.    A Non-judicial Foreclosure Proceeding Is Not a Collection of a "Debt" for**
11  **Purposes of FDCPA.**

12  Courts have routinely held that a non-judicial foreclosure proceeding is not a collection
13  of a "debt" for purposes of FDCPA. *Hulse v. Ocwen Fed. Bank*, 195 F.Supp.2d 1188, 1204
14  (D.Or. 2002) (distinguishing foreclosure of interest in property from efforts to collect a debt
15  from debtor); *Gray v. Four Oak Court Ass'n*, 580 F.Supp.2d 883 (D. Minn. 2008) (foreclosure
16  proceeding was not a debt collection covered by the FDCPA.)  In this instance, Plaintiffs' claim
17  relates to the collection of the Promissory Note and commencement of the non-judicial
18  foreclosure. (Complaint, ¶67.)  The initiation of a non-judicial foreclosure proceeding is not a
19  collection of a 'debt' as defined by the FDCPA.  The first cause of action must be dismissed with
20  prejudice for this reason.

21  **B.    The FDCPA Claim is Barred by the Statute of Limitations.**

22  The statute of limitations for bringing a claim under the FDCPA is one year.  15 U.S.C. §
23  1692 k(d); *Mangum v. Action Collection Serv.*, Inc., 575 F.3d 935, 939 (D. Idaho, July 3, 2007).
24  In this instance, Plaintiffs executed the Promissory Note ("Promissory Note", Complaint, ¶4) and
25  Deed of Trust on or about April 19, 2005 (Complaint, ¶3).  This action was filed on May 5,
26  2011, well past the one year statute of limitations.  The first cause of action is barred by the
27  statute of limitations, and must be dismissed with prejudice.
28  ////

**Fidelity National Law Group**
3980 H. Hughes Pkwy, #230
Las Vegas, Nevada 89169
(702) 667-3000

## IV. THE SECOND CAUSE OF ACTION FOR UNFAIR AND DECEPTIVE TRADE PRACTICES FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION.

In the second cause of action, Plaintiffs allege that Defendants violated the Nevada Unfair and Deceptive Trade Practices Act because they did not have the required foreign collector's license when they recorded the NOD in violation of NR 649.370. (Complaint, ¶76, 77.)

A foreclosure trustee does not have to be licensed to record a notice of default because a foreclosure trustee is not a debt collector. See e.g., *Hulse*, 195 F. Supp. 2d at 1204. Further, Plaintiffs have failed to allege why or how SILVA or TICOR conducted business as a debt collector that should have been licensed. As such, SILVA and TICOR are entitled to dismissal with prejudice of this second cause of action for violation of Nevada's Unfair and Deceptive Trade Practices Act.

## V. THE THIRD CAUSE OF ACTION FOR UNFAIR LENDING PRACTICES MUST BE DISMISSED BECAUSE NEITHER SILVA NOR TICOR WAS A LENDER.

The third cause of action relates to how the Loan was selected and originated by the lender. Specifically, the third cause of action alleges that the lender violated NRS 598D.100, "… by luring the Plaintiffs into said loan based solely on future equity and not from present income or other assets…" (Complaint, ¶82.)

NRS 598D provides:

> "1. It is an unfair lending practice for a lender to:
>
> (a) Require a borrower, as a condition of obtaining or maintaining a home loan secured by home property, to provide property insurance on improvements to home property in an amount that exceeds the reasonable replacement value of the improvements.
>
> (b) Knowingly or intentionally make a home loan, other than a reverse mortgage, to a borrower, including, without limitation, a low-document home loan, no-document home loan or stated-document home loan, without determining, using any commercially reasonable means or mechanism, that the borrower has the ability to repay the home loan.
>
> (c) Finance a prepayment fee or penalty in connection with the refinancing by the original borrower of a home loan owned by the lender or an affiliate of the lender.

1  (d) Finance, directly or indirectly in connection with a home loan, any credit insurance."

2

3 The term "Lender" does not apply to non-originating owners of the deeds of trust and
4 promissory notes. *See Velasquez v. HSBC Mortgage Servs.*, No. 2:09-cv-00784, 2009 WL
5 2338852, at *3 (D. Nev. July 24, 2009) (dismissing NRS 598D claim against both servicer and
6 non-originating owner because they did not originate the Loan within the meaning of the
7 statute).

8 Neither TICOR nor SILVA was the Lender. The Complaint specifically provides and
9 confirms that WELLS FARGO BANK, N.A. was the lender on the Promissory Note.
10 (Complaint, p. 2, ll. 12-14.) Consequently, NRS 598D is inapplicable to TICOR and SILVA,
11 and the third cause of action must be dismissed with prejudice.

## VI. THE FOURTH CAUSE OF ACTION FOR VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED BECAUSE TICOR AND SILVA WERE NOT A PARTY TO THE CONTRACT.

15 The implied covenant of good faith and fair dealing requires each party to not do
16 anything to destroy or otherwise injure the rights of the other to receive the benefit of the
17 contract. *Hilton Hotels, Corp. v. Butch Lewis Productions, Inc.*, 107 Nev. 226, 234 (1991). To
18 establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff
19 must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed
20 a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by
21 performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified
22 expectations were denied.
23 *Id.*

24 Nevada law is clear. The implied covenant of good faith and fair dealing only extends to
25 parties to the contract. *Id.* at 234. Logic dictates that someone who is a not a party to contract
26 can not breach a covenant to that contract. Plaintiffs' fourth cause of action is deficient against
27 SILVA because SILVA was not a party to the Plaintiffs' $375,920.00 loan ("Loan", see
28 Complaint, ¶4) or the securing Deed of Trust for the Loan ("Deed of Trust", see Complaint, ¶3).

1 The Deed of Trust identifies Defendant WELLS FARGO BANK, N.A. as the Lender, Plaintiffs
2 as the borrowers and UNITED TITLE OF NEVADA as the trustee. (Complaint, ¶3.) SILVA is
3 not a party to any contracts with Plaintiffs, and therefore could not violate the covenant of good
4 faith and fair dealing.

5 Plaintiffs also contend that they were lured into their Loan based upon future equity in
6 their real property located at 130 Drew Drive, Reno, Nevada ("Subject Property", *see* Complaint,
7 ¶2) and not their ability to pay. (Complaint, ¶60.) Neither TICOR nor SILVA was the originator
8 of the Loan. Defendant WELLS FARGO BANK, N.A. allegedly originated the Loan and lured
9 Plaintiffs into taking out the Loan. (Complaint, ¶4.)

10 The Complaint fails to allege that TICOR or SILVA took any actions related to the
11 origination of the Loan. Furthermore, the actions related to the origination of the Loan cannot
12 constitute a breach of the covenant of good faith and fair dealing. A contractual duty of good
13 faith and fair dealing arises only after a contract is formed. *Haley v. Elegan Home Lending, LP*,
14 2010 WL 1006664, at *2 (D.Nev. 2010) ("A party cannot breach the covenant of good faith and
15 fair dealing before a contract is formed."). Plaintiffs cannot maintain a cause of action for
16 breach of the covenant of good faith and fair dealing for actions which occurred prior to the
17 formation of the contract. See *Velasquez v. HSBC Mortgage Services*, 2009 WL 2338852, at *9
18 (D. Nev. July 24, 2009) (no breach of the duty where contract has not been formed). The fourth
19 claim for relief should be dismissed with prejudice.

20 **VII. THE FIFTH CAUSE OF ACTION FOR VIOLATION OF NRS 107.080 MUST BE**
21 **DISMISSED.**

22 The fifth cause of action asserts that the recording of the NOD was improper because
23 Plaintiffs believe that the Promissory Note has been severed from the Deed of Trust.
24 (Complaint, ¶96). However, Nevada law does not require the production of the original note
25 before commencing non-judicial foreclosure proceedings. *Weingartner v. Chase Home Finance,*
26 *LLC*, 702 F.Supp.2d 1276, 1280 (D. Nev. 2010). Therefore, the commencement of the non-
27 judicial foreclosure proceeding was proper without the production of the original note.
28 Next, Plaintiffs assert that the recording of the NOD was improper because the Loan had

1  been securitized.  (Complaint, ¶¶99-104.)  Plaintiffs also contend that NRS 107.080 was not

2  complied with, yet fails to allege what substitutions of trustee and other recorded documents are

3  missing from the chain of title.  In sum, Plaintiffs allege that "no money is owed to these

4  Defendants who have claimed that their loan is in default".  (Complaint, ¶102.)

5        Plaintiffs' allegations demonstrate a fundamental misunderstanding of the secondary

6  mortgage market.  The securitization of the Loan does not invalidate the recording of the NOD.

7  See, *Chavez v. Cal. Reconveyance Co.*, 2010 U.S. Dist. LEXIS 63415 at, *5 (D.Nev., July 17,

8  2010)("NRS 107.080 does not forbid the securitization of a loan.  The alleged securitization of

9  Plaintiff's Loan did not invalidate the Deed of Trust, create a requirement of judicial foreclosure,

10  or prevent Defendants from being holders in due course.")

11        When a loan is transferred, assigned, sold or securitized, the deed of trust goes with the

12  note. *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 *3 (D. Nev 2009) ("mortgage goes

13  with the note" and "a mortgage is a mere incident to the debt which it secures and follows the

14  transfer of the note with the full effect of a regular assignment."); *Coward v. First Magnus*

15  *Financial Corp.*, 2009 WL 3367398 *8 (D.Nev. 2009) (mortgage follows the note).  The

16  borrower is obligated to repay the loan regardless of who owns the loan.  The securitization

17  process does not abrogate the borrower's contractual obligation to repay the Note or prevent

18  foreclosure under the Deed of Trust.  Plaintiffs' assertions are red herrings that should be

19  rejected by this Court.

20        The Complaint fails to allege that any defendants committed any act which would have

21  violated NRS 107.080 et seq.  For the above stated reasons, this fifth cause of action must be

22  dismissed with prejudice.

23  **VIII.   THE SIXTH CAUSE OF ACTION FOR QUIET TITLE MUST BE DISMISSED.**

24        Plaintiffs seek a declaration that title to the Subject Property is vested in them alone and

25  that Defendants be declared to have no interest in the Subject Property.  *See* Complaint ¶ 127.

26  Plaintiffs' quiet title claim should be dismissed because it is dependent on their other failed

27  claims.

28        But even if theirs other claims do not fail, quieting title is not a proper remedy in this

1 case. "A quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting
2 an adverse claim to title to real property." *Kemberling v. Ocwen Loan Servicing, LLC*, Case No.
3 2:09-cv-00567, 2009 WL 5039495, at *2 (D. Nev. Dec. 15, 2009). "The very object of the
4 proceeding assumes that there are other claimants adverse to the Plaintiff, setting up titles and
5 interests in the land or other subject-matter hostile to his [own]." *See Clay v. Scheeline Banking*
6 *& Trust Co.*, 40 Nev. 9, 16, 159 P. 1081, 1082 (1916). Where such adverse claims exist, the
7 party seeking to have another party's right to property extinguished, bears the burden of
8 overcoming the "presumption in favor of the record titleholder." *See Breliant v. Preferred*
9 *Corp.*, 112 Nev. 663, 669, 918 P.2d 314, 318 (1996); s*ee Clay*, 40 Nev. at 16, 159 P. at 1082.
10     Here, Plaintiffs admit they borrowed money, and then secured the Loan with the Deed of
11 Trust. *See* Complaint, ¶¶3-4. There is no other party claiming any interest in Plaintiffs' Subject
12 Property that is adverse to Plaintiffs' title and/or the Deed of Trust. Plaintiffs' dislike for the
13 Deed of Trust they executed does not create an adverse claim that entitles them to an order
14 quieting title. The only way this quiet title action would be necessary is if there was presently a
15 dispute between two or more parties over the right to foreclose under the Deed of Trust.
16 Plaintiffs do not assert that more than one entity claims the right to foreclose on the Deed of
17 Trust, so Plaintiffs' claim to quiet title has no merit.
18     Further, because an action to quiet title is equitable in nature, *see MacDonald v. Krause*,
19 77 Nev. 312, 317-18, 362 P.2d 724 (1961), Plaintiffs must show their right to such equitable
20 relief. *See Transaero Land & Dev. Co. v. Land Title Co. of Nev., Inc*., 108 Nev. 997, 1001, 842
21 P.2d 716 (1992) ("[I]n seeking equity, a party is required to do equity.") (internal quotation
22 omitted).
23     In this case, Plaintiffs voluntarily executed the Loan and the Deed of Trust. Plaintiffs do
24 not allege they have made their Loan payment, and now seek to deprive the creditors of their
25 security by quieting title. This would be an inequitable result. Where a defaulting mortgagor or
26 trustor attempts to quiet title against the mortgagee, equity is served by requiring the debtor
27 purporting to quiet title to pay the full amount of the outstanding debt. *See*, *e.g.*, *Trusty v. Ray*,
28 249 P.2d 814 (Idaho 1951); *see also Mix v. Sodd*, 126 Cal. App. 3d 386, 390 (1981) (no quiet

**Fidelity National Law Group**
3980 H. Hughes Pkwy, #230
Las Vegas, Nevada 89169
(702) 667-3000

1  title action may lie without paying the debt, even if debt is otherwise unenforceable).  This Court
2  should reject Plaintiffs' attempt to obtain a windfall from their Loan by eliminating the Deed of
3  Trust.  Plaintiffs' quiet title claim should be dismissed.

## IX. THE SEVENTH CAUSE OF ACTION FOR FRAUD THROUGH OMISSION AND THROUGH INDUCEMENT FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION.

To establish fraud in the inducement, Plaintiffs must prove by clear and convincing evidence each of the following elements: (1) a false representation made by TICOR or SILVA; (2) Plaintiffs' knowledge or belief that the representation was false (or knowledge that it had an insufficient basis for making the representation); (3) TICOR or SILVA's intention to induce Plaintiffs to consent to enter into a contract by making the representation; (4) Plaintiffs' justifiable reliance upon the misrepresentation; and (5) damage to Plaintiffs resulting from such reliance.  *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.,* 120 Nev. 277, 290-291, 89 P.3d 1009, 1018 (2004).

 Here, Plaintiffs fail to identify any contract by which TICOR or SILVA intended to induce Plaintiffs to enter into (third required element).  Given this missing element, the remaining four required element additionally fail.

Under Nevada law, fraud by omission "requires a threshold duty to disclose." *Nevada Power Co. v. Monsanto Co.,* 891 F. Supp. 1406, 1417 (D. Nev. 1995). "It is axiomatic that an individual may only be subject to liability for nondisclosure when [he is] 'under a duty to the other to exercise reasonable care to disclose the matter in question.' " *Does I Through VI v. KTNV-Channel 13,* 863 F. Supp. 1259, 1265 (D. Nev. 1994) (quoting Restatement (Second) of Torts § 551 (1977)).

Plaintiffs make two, vague and conclusory statements about the duty of Defendants (which allegedly includes TICOR and SILVA):

> "Defendants … knew that the future servicers would have no lawful right to foreclose on the Plaintiffs' home and that the future servicers would have not received any right to collect on the Note without consideration and, thus, were not holders in due course of the Note of the Plaintiffs under Nevada law."

**Fidelity National Law Group**
3980 H. Hughes Pkwy, #230
Las Vegas, Nevada 89169
(702) 667-3000

1
2
3
> "Defendants knew that, had the truth been disclosed, Plaintiffs would not have entered into the loan, and hat the truth of the discharges of the obligations been revealed, the Plaintiffs would not have made payments to the Defendants pursuant to the mortgage obligations"

Complaint, ¶¶ 134, 136.

These statements are utterly devoid of the particularity required by Rule 9(b) and do not indicate to what duty Plaintiffs are referring.  *See Cohen v. Wedbush, Noble, Cooke, Inc.,* 841 F.2d 282, 287 (9th Cir.1988) ("In order for a mere omission to constitute actionable fraud, a plaintiff must first demonstrate that the defendant had a duty to disclose the fact at issue."). Without more, the fraud by omission claim must fail because TICOR and SILVA had no duty to disclose to Plaintiffs any information pertaining to any alleged "lending and foreclosure practices." *See Nevada Power Co.,* 891 F. Supp. at 1416-17, n.3 (D. Nev. 1995) ("straightforward commercial transaction" did not create a "fraud-based duty to disclose"). Consequently this seventh cause of action must be dismissed for failure to state a cause of action as to TICOR and SILVA.

## X.     THE EIGHTH CAUSE OF ACTION FOR SLANDER OF TITLE MUST BE DISMISSED.

Plaintiffs' eighth claim alleges slander of title.  A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 114 Nev. 823, 842 (1998).  Malice requires that a defendant "knew that the statement was false or acted in reckless disregard of its truth or falsity. Where a defendant has reasonable grounds for belief in its claims, he has not acted with malice." *Rowland v. Lepire*, 99 Nev. 308, 313 (1983).  Plaintiffs plead no facts that could plausibly satisfy these elements.

Plaintiffs' slander of title claim is based on the same untenable legal theory of Plaintiffs' other claims, that Defendants "knew that they did not have any grounds to believe that Plaintiffs owed them any money on the Note nor does NATIONAL DEFAULT SERVICING CORPORATION; WELLS FARGO BANK, N.A., FKA WELLS FARGO HOME MORTGAGE INC., F/K/A NORWEST MORTGAGE INC.; LSI TITLE COMPANY – NV; TICOR TITLE;

**Fidelity National Law Group**
3980 H. Hughes Pkwy, #230
Las Vegas, Nevada 89169
(702) 667-3000

1  and STANLEY S. SILVA and all agents know who the actual investors on the Note and Deed of
2  Trust for the Plaintiffs are or how much is owed or how much has been discharged on that Note
3  or whether pursuant to another action, the Note has been paid in part of discharged in whole."
4  (Complaint, ¶145.)

5      As noted above, Plaintiffs do not dispute that they executed the Promissory Note and
6  Deed of Trust, nor does Plaintiffs dispute that they defaulted on their Loan.  Therefore, the
7  recording of the NOD and commencement of the non-judicial foreclosure cannot be construed as
8  a "false and malicious communication" disparaging to Plaintiffs' title in the Subject Property.
9  As a notice of default cannot make claim to Plaintiffs' Subject Property or cast doubt to their
10 ownership, no slander of title exists.  Plaintiffs' claim for relief fails.  Therefore, the Court must
11 dismiss this eighth cause of action with prejudice.

12 **XI.   THE NINTH CAUSE OF ACTION FOR ABUSE OF PROCESS MUST BE**
13 **DISMISSED.**

14     The elements of a cause of action based on abuse of process are: "(1) an ulterior purpose
15 by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal
16 process not proper in the regular conduct of the proceeding." LaMantia v. Redisi, 118 Nev. 27,
17 30 (2002).  Abuse of process can arise from both civil and criminal proceedings. *Id.* An ulterior
18 purpose is any improper motive underlying the issuance of legal process. *Posadas v. City of*
19 *Reno*, 109 Nev. 448, 457 (1993).

20     Plaintiffs do not have a valid claim for abuse of process because the documents about
21 which they complain are nonjudicial foreclosure notices.  The fact that the notices are
22 "nonjudicial" prevents Plaintiffs' claim for abuse of process.  Further, the NOD is issued under
23 authority of the deed of trust, not a court.  Since the action is not under a court's authority, there
24 cannot be an action for abuse of process. *Smith v. Wachovia Mortgage Corp.*, No. C 09-1300,
25 2009 WL 1948829, at *5 (N.D.Cal. July 6, 2009).  Plaintiffs' claim fails and should be dismissed
26 with prejudice.

27 **XII.  PLAINTIFFS' REQUESTED RELIEF FAILS AS A MATTER OF LAW.**
28     Directly following the Complaints' Ninth Claim for Relief, Plaintiffs request Declaratory

**Fidelity National Law Group**
3980 H. Hughes Pkwy, #230
Las Vegas, Nevada 89169
(702) 667-3000

1 Relief, Reformation and Quiet Title. Plaintiffs' request fails as these remedies rely on Plaintiffs'
2 other failed claims. If the substantive laws to which they are tethered fail, the corresponding
3 remedies must also be dismissed. *See*, e.g., *Aguilar v. WMC Mortgage Corp.*, 2010 WL 185951,
4 at *4 (D. Nev. Jan. 15, 2010) (rescission and declaratory relief); *Cervantes*, 2009 WL 3137160,
5 at *12 (holding that because none of the "substantive" claims stated a claim for relief, claims for
6 injunctive and declaratory relief "must likewise fail").
7 Given the failure of all of Plaintiffs' claims against TICOR and SILVA, the remedies
8 requested by Plaintiffs as against TICOR and SILVA fail and require dismissal with prejudice.

## XII. CONCLUSION

For all of the foregoing reasons and pursuant to FRCP 12(b)(6), TICOR TITLE OF NEVADA, INC. and STANLEY S. SILVA respectfully request that this Court dismiss them from this litigation with prejudice.

DATED this 24th day of June, 2011.    FIDELITY NATIONAL LAW GROUP

 /s/  Zachary T. Ball, Esq.
Zachary T. Ball, Esq.
Nevada Bar No. 8364
3980 Howard Hughes Parkway, Suite 230
Las Vegas, Nevada 89169
Attorneys for Defendants *Ticor Title of Nevada, Inc. and Stanley S. Silva*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing **DEFENDANTS TICOR TITLE OF NEVADA, INC. AND STANLEY S. SILVA'S MOTION TO DISMISS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties listed as CM/ECF registrants, or to the following non-registrants by U.S. Mail, on the date below shown.

| | |
|---|---|
| Rick Lawton, Esq.<br>1460 Hwy 95A, North #1<br>Fernley, NV  89408<br>Attorney for *Plaintiff* | Cynthia Alexander, Esq.<br>Justin R. Cochran, Esq.<br>Snell & Wilmer LLP<br>3883 Howard Hughes Pkwy., Ste. 1100<br>Las Vegas, Nevada 89169<br>Attorneys for *Wells Fargo Bank N.A.* |

**DATED**:  June 24, 2011

*Jennifer O'Brien*
An employee of Fidelity National Law Group

**Fidelity National Law Group**
3980 H. Hughes Pkwy, #230
Las Vegas, Nevada 89169
(702) 667-3000