Zachary T. Ball, Esq.
Nevada Bar No. 8364
FIDELITY NATIONAL LAW GROUP
3980 Howard Hughes Parkway, Suite 230
Las Vegas, Nevada 89169
Telephone:  (702) 667-3002
Fax: (702) 697-2020
Email: zachary.ball@fnf.com
Attorneys for Defendants *Ticor Title of Nevada, Inc.*
and *Stanley S. Silva*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD C. LAIR JR. and CARIE L. LAIR, husband and wife,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>WELLS FARGO BANK, N.A.; UNITED TITLE OF NEVADA; NATIONAL DEFAULT SERVICING CORPORATION; WELLS FARGO BANK N.A., FKA WELLS FARGO HOME MORTGAGE INC., F/K/A NORWEST MORTGAGE INC.; LSI TITLE COMPANY-NV; TICOR TITLE, a Nevada Corporation; STANLEY S. SILVA; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, partnerships, or anyone claiming any interest to the property described in the action,<br><br>　　　　　　　　　Defendants. | Case No. 3:11-cv-00399-RCJ-VPC |

**<u>DEFENDANTS TICOR TITLE OF NEVADA, INC. AND STANLEY S. SILVA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS</u>**

Defendants, TICOR TITLE OF NEVADA, INC. ("Ticor") and STANLEY S. SILVA ("Silva"), by and through their attorney of record, Zachary T. Ball, Esq., replies to Plaintiffs' Opposition to Ticor and Silva's Motion to Dismiss Plaintiffs' Complaint ("Reply").  This Reply is supported by the following Memorandum of Points and Authorities, the record herein, and any argument that may be presented at any hearing hereon.

////

# I.

# ARGUMENT

**A.  Plaintiffs' Failure To Oppose The Requested Dismissal Of The Third, Fourth And Seventh Causes Of Action Should Result In This Court Granting Dismissal Of The Same.**

Plaintiffs' Opposition to Ticor and Silva's Motion to Dismiss Complaint ("Opposition") fails to oppose the Motion to Dismiss' ("Motion") request to dismiss Plaintiffs' third cause of action (Violation of Unfair Lending Practices, NRS 598D.100), fourth cause of action (Violation of Covenant of Good Faith and Fair Dealing) and seventh cause of action (Fraud Through Omission And In The Inducement).  *See* Opposition, generally.

Under Local Rule 7-2(d), Plaintiffs' "failure to file points and authorities in opposition to [the] motion constitutes a consent that the motion be granted."  *Corey v. McNamara,* 409 F. Supp. 2d 1225, 1228 (D. Nev. 2006) (*citing Abbott v. United Venture Capital, Inc.,* 718 F. Supp. 828, 831 (D. Nev. 1989)); *see also* D. Nev. R. 7-2(d).  This Court's Local Rules, "no less than the federal rules or acts of Congress, have the force of law."  *Corey*, 409 F. Supp. 2d at 1228 (citations omitted).  Based upon Plaintiffs' failure to oppose the requested dismissal of these claims, Ticor and Silva request that this Court dismiss the Complaint's third, fourth and seventh causes of action.

While Plaintiffs do oppose the remaining requests within the Motion, this opposition is inadequate and should be disregarded by this Court for the following reasons.

**B.  Plaintiffs' First And Second Causes of Action Fail And Should Be Dismissed.**

In opposing the Motion's request to dismiss the Complaint's first and second causes of action (which are jointly addressed in the Opposition), the Opposition offers only citations to NRS 598.0923(1) and 15 U.S.C. §1692(a)(6), then states "Plaintiff alleges that Defendants are not duly licensed as collection agencies or foreign collection agencies, thus their attempted non-judicial foreclosure violates this statute."  *See* Opposition, p. 15, ll. 6-8.

Plaintiffs cannot maintain their causes of action under Nevada law.  This Federal Court has ruled that a non-judicial foreclosure proceeding is not a collection of debt for the purposes of

15 U.S.C. §1692 and NRS Chapter 649 in *Erickson v. PNC Mortg.*, 3:10-CV-0678-LRH-VPC, 2011 WL 1626582 (D. Nev. Apr. 27, 2011):

> Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. See NRS § 649.370. Here, the Ericksons allege that MTC Financial violated the FDCPA, and thereby Nevada law, by initiating a non judicial foreclosure without following the proper procedures for attempting to collect a debt.
>
> It is well established that non judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes. See e.g., *Hulse v. Ocwen Fed. Bank FSB*, 195 F.Supp.2d 1188 (D.Or.2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D.Nev.2010) (holding that recording a notice of default is not an attempt to collect a debt because the borrower already consented to allow the foreclosure trustee to record the notice upon default). Further, the legislative history of the FDCPA conclusively indicates that a debt collector does not include a foreclosure trustee, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned. See S.Rep. No. 95–382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S.Code Cong. & Ad.News 1965, 1968.

*Erickson v. PNC Mortg.*, 3:10-CV-0678-LRH-VPC, 2011 WL 1626582 (D. Nev. Apr. 27, 2011). Plaintiffs' claims fail because Ticor and Silva did not violate the FDCPA by initiating a non-judicial foreclosure sale upon Plaintiffs' default. Further, Ticor and Silva did not, in turn, violate NRS §649. The first cause of action must be dismissed with prejudice for this reason.

Moreover, as Plaintiffs' second cause of action of deceptive trade practices and Opposition are premised on the allegation that the foreclosing entities do not have a 'collector's license', this claim additionally fails. This Court has ruled similarly on nearly identical complaint allegations. *See Shields v. First Magnus Fin. Corp.*, 3:10-CV-00641-RCJ, 2011 WL 1304734 (D. Nev. Apr. 1, 2011). The second cause of action should be dismissed.

**C.     Plaintiffs' Fifth Cause of Action Fails And Should Be Dismissed.**

The Opposition attempts to rebut Ticor and Silva's request for dismissal by heavily citing to agency case law. *See* Opposition, p. 10, l. 12 - p. 12, l. 9. Additionally, the Opposition claims that "[t]he statute provides specific notice and procedural requirements that a trustee or an assignee of the trustee must follow in executing the power of sale." *See* Opposition, p. 9, l. 12-16.

However, no specific law is cited. Moreover, the Opposition fails to allege that any

1 defendants committed any act which violated NRS 107.080 et seq. For the above stated reasons,
2 this fifth cause of action must be dismissed with prejudice.

3 **D.      Plaintiffs' Sixth Cause of Action Fails And Should Be Dismissed.**

4      In opposing the Motion's request to dismiss Plaintiffs' quiet title claim for relief, the
5 Opposition states "Plaintiff alleges that the recorded Notices of Default and Intent to Sell has
6 clouded Plaintiff's Title to his property", then cites to quiet title case law. Opposition, p. 12, l.
7 12 – p. 13, 1.2. Although that section of the Opposition continues on, none of the argument is
8 relevant for opposing dismissal of the quiet title cause of action. (This irrelevant argument
9 includes a citation to NRS 107.080 arguing that the Defendants violated the statutes and that the
10 sale should be set aside and that Plaintiff admits that he has not paid the loan, Opposition, p. 12,
11 1. 14 – p. 13, 1. 2). As with the fifth claim for relief, Plaintiffs cite to no case law or additional
12 allegations that oppose the Motion and would preclude this Court from granting the Motion. The
13 sixth claim for relief should be dismissed.

14 **E.      Plaintiffs' Eighth Cause of Action Fails And Should Be Dismissed.**

15      The Opposition states that "[t]he recordation establishes a cloud on the title and slanders
16 the title where declaratory relief, as well as slander of title is warranted as a new claim
17 supporting a motion to amend". *See* Opposition, p. 21, ll. 17-19. Critically, the Opposition fails
18 to make any argument opposing that law that holds the recorded Notice of Default makes no
19 claim to real property as well as fails to cast any doubt to actual ownership. *Watts v. Decision*
20 *One Mortg. Co., LLC*, 09 CV 0043 JMBLM, 2009 WL 648669 (S.D. Cal. Mar. 9, 2009). As
21 Plaintiff's actual ownership cannot be in doubt after the recordation of a notice of default, no
22 slander of title claim exists. The Motion should be granted.

23 **F.      Plaintiffs' Ninth Cause of Action Fails And Should Be Dismissed.**

24      In opposing the claim to dismiss Plaintiffs' abuse of process claim, the Opposition cites
25 to the elements of an abuse of process claim, to NRS 107.080, then claims that "[t]here is
26 nothing indicating that the statutory non-judicial foreclosure is NOT use of a legal Process". *See*
27 Opposition, p. 21, l. 6-8. Plaintiffs fail to oppose that case law cited in the Motion that
28 unequivocally indicates abuse of process requires judicial process. *Adams v. Superior Court*, 2

Cal.App.4th 521, 530 (1992) and *Smith v. Wachovia Mortgage Corp.*, No. C 09-1300, 2009 WL 1948829, at *5 (N.D.Cal. July 6, 2009). This failure is a non-opposition. The Motion should be granted.

**G.    Plaintiffs' Request for Equitable Relief Fails And Should Be Dismissed.**

The Opposition fails to address Ticor and Silva's request to dismiss the Complaint's stated remedies of Declaratory Relief, Reformation and Quiet Title. As all of Plaintiffs' claims fail, so too do these dependent requests for equitable relief. Ticor and Silva's motion should be granted.

## II.
## CONCLUSION

For all of the foregoing reasons and pursuant to F.R.Civ.P. 12(b)(6), Defendants, Ticor Title of Nevada, Inc. and Stanley S. Silva respectfully request that this Court dismiss them from this litigation with prejudice as Plaintiffs' Complaint and Opposition to Motion to Dismiss have failed to state any claim upon which relief can be granted.

DATED this 21st day of July, 2011.          FIDELITY NATIONAL LAW GROUP

/s/ Zachary T. Ball
Zachary T. Ball, Esq.
Nevada Bar No. 8364
Fidelity National Law Group
3980 Howard Hughes Parkway, Suite 230
Las Vegas, Nevada 89169
Attorneys for *Stanley S. Silva*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing **DEFENDANTS, TICOR TITLE OF NEVADA, INC. AND STANLEY S. SILVA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties listed as CM/ECF registrants, or to the following non-registrants by U.S. Mail, on the date below shown.

| | |
|---|---|
| Rick Lawton, Esq.<br>1460 Hwy 95A N. Ste. 1<br>Fernley, Nevada 89408<br>Attorney for *Plaintiffs* | Cynthia Alexander, Esq.<br>Justin R. Cochran, Esq.<br>Snell & Wilmer LLP<br>3883 Howard Hughes Pkwy., Ste. 1100<br>Las Vegas, Nevada 89169<br>Attorneys for *Wells Fargo Bank N.A.* |

**DATED**: July 21, 2011

*Jennifer O'Brien* (signature)

An employee of Fidelity National Law Group