**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICHARD C. LAIR JR. and CLAIRE L. LAIR, )
)
        Plaintiffs, )
)
        v. )    3:11-cv-399-RCJ-VPC
)
WELLS FARGO BANK, N.A., *et al.*, )    **ORDER**
)
        Defendants. )
)
_____

    Currently before the Court are two Motions to Dismiss (#4, 13).  The Court heard oral argument on October 3, 2011.

**BACKGROUND**

**I.**    **Facts**

    Plaintiffs Richard and Carie Lair (collectively "Plaintiffs") executed a note secured by a deed of trust on a piece of property located at 130 Drew Drive, Reno, Nevada 89511, which was recorded in Washoe County on April 28, 2005.  (Deed of Trust (#12-2) at 2, 4).  The mortgage, dated April 19, 2005, was for $375,920.  (*Id.* at 3).  The lender and beneficiary on the deed of trust was Wells Fargo Bank, N.A. (*Id.* at 2-3).  The trustee on the deed of trust was United Title of Nevada.  (*Id.* at 3).  On April 14, 2007, Plaintiffs executed a note for $77,573 secured by an open-end deed of trust on the same piece of property.  (Open-End Deed of Trust (#12-3) at 2-3).  The lender and beneficiary on the open-end deed of trust was Wells Fargo Bank, N.A.  (*Id.* at 2).  The trustee on the open-end deed of trust was American Securities Company of Nevada.  (*Id.*).

    On February 5, 2010, Plaintiffs defaulted on their mortgage payments.  (*See* Notice of

Default (#12-4) at 2). On February 8, 2010, National Default Servicing Corporation filed a notice of default and election to sell on the 2005 deed of trust with the Washoe County Recorder. (*Id.* at 2-3). The notice of default stated that Plaintiffs owed $16,134.88 as of February 5, 2010. (*Id.* at 2). Stanley Silva, an employee of LSI Title Company acting as agent for National Default Servicing Corporation, signed the notice of default. (*Id.* at 3-4).

On June 23, 2010, Wells Fargo Bank executed a corporation assignment of deed of trust and granted, assigned, and transferred all beneficial interest in the 2005 deed of trust to Bank of America N.A. (Assignment of Deed of Trust (#12-6) at 2). On that same day, June 23, 2010, Bank of America executed a substitution of trustee and replaced National Default Servicing Corporation as trustee for United Title of Nevada. (Substitution of Trustee (#12-7) at 2).

On December 9, 2010, National Default Servicing Corporation filed a certificate from the State of Nevada Foreclosure Mediation Program which stated that no request for mediation had been made or the grantor had waived mediation. (Mediation Certificate (#12-5) at 2). The certificate stated that the beneficiary could proceed with the foreclosure process. (*Id.*).

That same day, December 9, 2010, National Default Servicing Corporation filed a notice of trustee's sale. (2010 Notice of Trustee's Sale (#12-8) at 2). On April 7, 2011, National Default Corporation filed another notice of trustee's sale. (2011 Notice of Trustee's Sale (#12-9) at 2). On May 24, 2011, National Default Servicing Corporation recorded a trustee's deed upon sale which explained that National Default Servicing Corporation sold the property to Bank of America at a public auction for $212,500 on May 12, 2011. (Trustee's Deed Upon Sale (#12-10) at 2).

On May 5, 2011, Plaintiffs filed a notice of lis pendens on the property. (Notice of Lis Pendens (#12-11) at 2).

**II.    Complaint**

In June 2011, Wells Fargo Bank, N.A. ("Wells Fargo") filed a petition for removal and attached Plaintiff's 66-page complaint from the Second Judicial District Court in Washoe

County. (Pet. for Removal (#1); Compl. (#1-1) at 2-67). In the complaint, Plaintiffs sued Wells Fargo Bank, N.A.; United Title of Nevada; National Default Servicing Corporation; Wells Fargo Bank, N.A. fka Wells Fargo Home Mortgage Inc. fka Norwest Mortgage Inc.; LSI Title Company-NV; Ticor Title, and Stanley Silva. (Compl. (#1-1) at 2). Plaintiff listed nine causes of action including: (1) debt collection violations pursuant to NRS § 649.370; (2) violation of Unfair and Deceptive Trade Practices Act, NRS § 598.0923; (3) violation of unfair lending practices, NRS § 598D.100; (4) violation of the covenant of good faith and fair dealing; (5) violation of NRS § 107.080; (6) quiet title; (7) fraud in the inducement and through omission; (8) slander of title; and (9) abuse of process. (*Id.* at 30-31, 33-34, 36, 39, 45, 52, 58, 61).

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173

L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Defendants Ticor Title of Nevada, Inc. and Stanley Silva filed a motion to dismiss all claims pursuant to Fed. R . Civ. P. 12(b)(6). (Mot. to Dismiss (#4) at 1-2). Plaintiff filed an opposition and Ticor Title and Stanley Silva filed a reply. (Opp'n to Mot. to Dismiss (#9); Reply to Mot. to Dismiss (#11)).

Defendant Wells Fargo filed a motion to dismiss all claims pursuant to Rule 12(b)(6) and to expunge the notice of lis pendens. (Mot. to Dismiss (#13) at 1-2). Plaintiff filed an opposition and Wells Fargo filed a reply. (Opp'n to Mot. to Dismiss (#14); Reply to Mot. to Dismiss (#17)).

In this case, Plaintiffs fail to state a claim for all causes of action except for violations

of NRS § 107.080 and quiet title. The Court dismisses the first cause of action for debt collection violations pursuant to NRS § 649.370. Pursuant to NRS § 649.370 a violation of any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1682 *et seq.*, or any regulation adopted pursuant thereto, is a violation of Nevada law. Nev. Stat. Rev. § 649.370. Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA, 15 U.S.C. § 1692. *Camacho-Villa v. Great Western Home Loans*, 2011 WL 1103681, *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, *2 (D. Nev. 2009)).

The Court dismisses the second cause of action for violations of Unfair and Deceptive Trade Practices Act. Under that statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation he or she knowingly conducts the business or occupation, without all required state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1). However, the statutes explicitly state that the following activities do not constitute doing business in this State: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. Nev. Rev. Stat. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempt from acquiring licenses in this mortgage case, the Court dismisses without leave to amend.

The Court dismisses the third cause of action for unfair lending practices, NRS § 598D.100 because the statute of limitations under this section is three years. Nev. Rev. Stat. § 11.190(3)(a). Plaintiffs executed the deed of trust in 2005 and filed a complaint in 2011.

The Court dismisses the fourth, eighth, and ninth causes of action for violations of the covenant of good faith and fair dealing, slander of title, and abuse of process because Plaintiffs did default on their mortgage payments. The Court also dismisses the seventh cause

of action for fraud in the inducement and through omission because Plaintiffs do not allege that Defendants made any false statements about the terms of the deal and, thus, fail to state a claim for fraud.

The Court denies the motion to dismiss the fifth and sixth causes of action for violations of NRS § 107.080 and quiet title because National Servicing Default Corporation filed the notice of default before it had been properly substituted as a trustee. As such, National Servicing Default Corporation was not the proper entity to initiate foreclosure proceedings at that time. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, *2 (D. Nev. 2009) (finding that as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motions to Dismiss (#4, 13) are GRANTED in part as to claims 1, 2, 3, 4, 7, 8, and 9, without leave to amend, and DENIED in part as to claims 5 and 6.

DATED: This 27th day of October, 2011.

_____
United States District Judge

6